IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

**HEATHER BROXTON,**

       **Plaintiff,**                    **CASE NO.:  14-CA-**
                                          **FLA BAR NO.: 0739685**

**vs.**

**CITIZENS PROPERTY INSURANCE
CORPORATION,**

       **Defendant.**
_____/

## COMPLAINT

Plaintiff, HEATHER BROXTON, hereby sues Defendant, CITIZENS PROPERTY

INSURANCE CORPORATION, and alleges:

## NATURE OF THE ACTION

1.      This is an action brought under 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981a.

This is also an action brought pursuant to the Family and Medical Leave Act (FMLA) of 1993,

29 U.S.C. §§2612, 2624.  Jurisdiction is conferred on this Court pursuant to  29 U.S.C.

§2617(a)(2).

2.      This is an action involving claims which are, individually, in excess of Fifteen

Thousand Dollars ($15,000.00), exclusive of costs and interest.

## THE PARTIES

3.      At all times pertinent hereto, Plaintiff, HEATHER BROXTON has been a

resident of the State of Florida and was employed by Defendant.  Plaintiff is a member of a

protected class due to her pregnancy.  Prior to her termination, in the year immediately preceding

her need for leave under the FMLA, Plaintiff worked for Defendant for more than 1,250 hours and worked for Defendant for more than one year.

4.      At all times pertinent hereto, Defendant, CITIZENS PROPERTY INSURANCE CORPORATION, has been organized and existing under the laws of the State of Florida.  At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above and employs more than 50 employees within a 75 mile radius.

## CONDITIONS PRECEDENT

5.      Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6.       Plaintiff was employed by Defendant in March 2008, and was terminated in May 2013.  She was last employed as a Business Operations Specialist.

7      Plaintiff was laid off purportedly because she had less tenure and worse job performance than another employee with the same job title.

8.      Upon information and belief, however, Plaintiff was laid off because she was pregnant and had taken time off for maternity leave during January-April, 2013.  Plaintiff was on FMLA leave during that time.

9.      Plaintiff returned to work on April 8, 2013.  On April 10, 2013, Plaintiff was notified by Human Resources that her position was being eliminated.

10.      Also, Plaintiff applied for but was not hired into two positions – Administrative Assistant and Project Coordinator – while she was visibly pregnant.  The winning candidates

were substantially less qualified than Plaintiff.

11.     Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services.  Defendant should be made to pay said fee under the laws applicable to this action.

## COUNT I
## PREGNANCY DISCRIMINATION

12.     Paragraphs 1 through 11 are re-alleged and incorporated herein by reference.

13.     This is an action against Defendant for discrimination based upon pregnancy brought under 42 U.S.C. §2000e et seq..

14.     Plaintiff has been the victim of discrimination on the basis of Plaintiff's pregnancy in that Plaintiff was treated differently than similarly situated employees of Defendant who were not pregnant.

15.     Defendant is liable for the differential treatment and hostility toward Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

16.     Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.  Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

17.     In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a pregnancy-based nature and in violation of the laws set forth herein.

18.     The discrimination complained of herein affected terms, conditions, and privileges of Plaintiff's continued employment with Defendant.  The events set forth herein led, at least in part, to Plaintiff's termination.

19.     Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon pregnancy in violation of 42 U.S.C. 2000e et seq..

20.     As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive/equitable relief.

## COUNT II
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

21.     Paragraphs 1-11 are re-alleged and are incorporated herein by reference.

22.     This is an action against Defendant for terminating Plaintiff for taking time off that was authorized by and protected under the FMLA.  This is thus a retaliation claim.

23.     After taking maternity leave, Defendant took adverse personnel actions against Plaintiff for using leave.

24.     Plaintiff was denied rights and benefits conferred by the FMLA and was terminated after taking protected leave.

4

25.     Defendant's violations of the FMLA were willful.

26.     As a direct and proximate result of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her.  These damages have occurred in the past, are occurring at present and will continue in the future.  Defendant's actions were wilful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a)     that process issue and this Court take jurisdiction over this case;

(b)     that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c)     enter judgment against Defendant and for Plaintiff awarding  damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f)     grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 16th day of August 2014.

Respectfully Submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Email: marie@mattoxlaw.com
Secondary emails:
amy@mattoxlaw.com
joshua@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF